IN THE SUPERIOR COURT OF GUAM

BELEN Z. SWEGLER, individually and as
executrix of THE ESTATE OF DELBERT L.
SWEGLER, PACIFIC REALTY
CORPORATION, LOUISE HOMES, INC.,
and FADIAN HEIGHTS APARTMENTS,
INC.,

              Plaintiffs,

    vs.

FADIAN DEVELOPMENT, INC. and
MYUNG M. BAE,

              Defendants.

_____

FADIAN DEVELOPMENT, INC. and
MYUNG M. BAE,

              Counterclaimants/
              Third-Party Plaintiffs,

    vs.

BELEN Z. SWEGLER, individually and as
executrix of THE ESTATE OF DELBERT L.
SWEGLER, PACIFIC REALTY
CORPORATION, LOUISE HOMES, INC.,
and FADIAN HEIGHTS APARTMENTS,
INC.,

              Counter-Defendants/
              Third-Party Defendants.

_____

CIVIL CASE NO. CV1021-12

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Plaintiffs' cross-motion to dismiss counterclaims, filed January 10, 2013. Oral arguments were heard on April 9, 2014. Attorney Bill R. Mann appeared on behalf of Plaintiffs, Attorney Delia S. Lujan Wolff

represented Defendants. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On October 16, 2012, Plaintiffs filed a first amended complaint against Defendants alleging breach of contract. Plaintiffs pray for (1) a judgment conveying to Plaintiffs respective interest in the real property conveyed to Defendant Fadian Development, Inc. by Plaintiff Belen Z. Swegler and the corporations under his control and (2) attorney's fees and costs. (First Am. Compl., 4, Oct. 16, 2012).

On November 13, 2012, Defendants filed a verified answer. Defendants also filed counterclaims against Plaintiffs for the following causes of action: (1) voiding and canceling agreements and (2) fraud. (Verified Answer & Counterclaims, 3-9, Nov. 13, 2012).

On December 27, 2013, Defendants filed a motion to dismiss Plaintiffs' claim for a lack of standing. (Mot. Dismiss & Mot. Summ. J., 3-5, Dec. 27, 2013). Defendants also filed a motion for summary judgment, arguing that Plaintiffs' claims are time-barred and that Plaintiffs are not entitled to attorney's fees. (Mot. Dismiss & Mot. Summ. J., 5-7, Dec. 27, 2013).

On January 10, 2014, Plaintiffs filed an opposition to Defendants' motions and a cross-motion to dismiss Defendants' counterclaims. Plaintiffs concede that, as of the filing date of the motion, Plaintiffs do not have standing to proceed with this litigation and that Plaintiffs' claims should be dismissed without prejudice. (Opp'n Mot. & Mot. Dismiss Counterclaim, 2, Jan. 10, 2014). By the same reasoning, Plaintiffs move to dismiss Defendants' counterclaims. *Id.* at 3.

On January 17, 2014, Defendants filed a reply and an opposition to Plaintiffs' cross-motion. Because Plaintiffs' cross-motion was filed after the third dispositive motion cut-off date of December 27, 2013, Defendants argue that it should be denied as untimely filed and without leave of Court. (Reply & Opp'n Mot., 3, Jan. 17, 2014). Furthermore, Defendants argue that the counterclaims are directed to all Plaintiffs, including Belen Z. Swegler in her individual capacity, and have no bearing on her lack of standing to bring a claim on behalf of Delbert Swegler's estate. *Id.*

On January 23, 2014, Plaintiffs filed a reply to Defendants' opposition to Plaintiff's cross-motion to dismiss Defendants' counterclaims. Plaintiffs argue that Defendants' cross-motion is not untimely because Plaintiffs agreed that Defendants could file their motion to dismiss and motion for summary judgment at a later date when the scheduling order at the time required all dispositive motions be filed on or before August 16, 2013. (Reply, 2, Jan. 23, 2014). Furthermore, Plaintiffs argue that (1) the first counterclaim is moot because Plaintiffs do not have standing to assert the documents of which Defendants seek cancellation upon which relief may be granted, and (2) the second counterclaim fails to state a claim. *Id.* at 2-4.

On March 11, 2014, the Court granted Defendants' motion to dismiss and for summary judgment. Consideration of Defendants' counterclaim was held in abeyance until the conclusion of Delbert Swegler's trial in PR0118-12 before the Honorable Arthur R. Barcinas, scheduled for March 7, 2014. The trial date in PR0118-12 having been vacated, this matter is now before the Court's review.

## DISCUSSION

### I. Motion to Dismiss

Plaintiffs' cross-motion to dismiss Defendants' two counterclaims is based on the following grounds: (1) the first counterclaim is moot because Plaintiffs do not have standing to assert the documents of which Defendants seek cancellation and (2) the second counterclaim fails to state a claim. (Reply, 2-4, Jan. 23, 2014). The parties are not in dispute over the first counterclaim as Plaintiffs agreed to set aside the documents in question and do not oppose the Court granting Defendants' requested relief as to the first counterclaim. (Status Hr'g, Record Log at 9:20, Apr. 9, 2014); (Pre Trial Conference, Record Log at 10:09, Feb. 26, 2014); (Mot. Hr'g, Record Log at 2:38, Jan. 27, 2014). The second counterclaim is in dispute.

### a. Timeliness

Defendants argue that Plaintiffs' cross-motion to dismiss Defendants' counterclaims is untimely because it was filed on January 10, 2014, after the dispositive motion cut-off date of December 27, 2013. (Reply & Opp'n Mot., 3, Jan. 17, 2014).

Under the Local Rules of the Superior Court of Guam, "[p]apers not timely filed by a party including any memoranda or other papers required to be filed under this Rule shall not be considered without leave of court." Local R. Super. Ct. Guam CVR 7.1(f). In this case, Plaintiffs' cross-motion to dismiss Defendants' counterclaims was filed after the dispositive motion cut-off date of December 27, 2013, without leave of court. Therefore, Plaintiffs' cross-motion failed to conform to the requirements of CVR 7.1(f). The Court need not consider motions that do not comply with the above rule. Local R. Super. Ct. Guam CVR 7.1(k). However, in the interest of judicial economy and a speedy resolution of this matter for all parties involved, the Court shall consider Plaintiffs' cross-motion.

**b. Failure to State a Claim**

Under Guam R. Civ. P. 12(b)(6), a claim may be dismissed where it, "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Core Tech Intn'l Corp. v. Hanil Engineering & Const. Co., Ltd.*, 2010 Guam 13 ¶ 52 (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In order to dismiss a claim pursuant to Rule 12(b)(6), a court must review the pleading in the light most favorable to the non-movant, accept its material allegations of fact as true, and resolve any doubts in favor of the non-movant. *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9.

A complaint that is attacked under Guam R. Civ. P. 12(b)(6), "need not contain detailed factual allegations, [but] a plaintiff's obligation to provide the grounds of his entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Core Tech*, 2010 Guam 13 ¶ 52 (quoting *Twombly*, 550 U.S. at 555). Guam R. Civ. P. 12(b)(6) was adopted from Fed. R. Civ. P. 12(b)(6) and a federal court's interpretation of the analogous federal rule is persuasive authority. Guam R. Civ. P. 12(b)(6); *see also Sananap v. Cyfred, Ltd.*, 2011 Guam 21 ¶ 24 n. 13; *Pelowski v. Taitano*, 2000 Guam 34 ¶ 12. The U.S. Supreme Court holds the following regarding how substantive a pleading must be to survive a Civil Procedure Rule 12(b)(6) motion:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'…The plausibility standard is not akin to a 'probability requirement,' but it asks for more

than a sheer possibility that a defendant has acted unlawfully…But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2). In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citations omitted).

Pursuant to Guam R. Civ. P. 8(a), a complaint shall contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." The U.S. Supreme Court explains that:

[T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement. …a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

The Court goes on to explain: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice…Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* (citations omitted).

Defendants' second counterclaim is based on allegations of fraud on the part of Plaintiffs. Under Guam law, "[t]he elements of fraud include: 1) a misrepresentation; 2) knowledge of falsity (or scienter); 3) intent to defraud to induce reliance; 4) justifiable reliance; 5) resulting damages. The absence of any of these required elements will preclude recovery." *Wilkinson v. Jones*, 2004 Guam 14 (*quoting Trans Pacific Export Co. v. Oka Towers Corp.*, 2000 Guam 3 ¶ 23).

In this case, the Court finds that Defendants' counterclaim of fraud lacks sufficient factual matter, accepted as true, which would state a claim for relief that is plausible on its face.

*Iqbal*, 556 U.S. at 678. In the counterclaim for fraud, Defendants fails to sufficiently allege how Defendants justifiably relied on Plaintiffs' alleged misrepresentations. (Verified Answer & Counterclaims, 8-9, Nov. 13, 2012). Furthermore, Defendants claim they have suffered compensatory, general, and special damages as a result of Plaintiffs' alleged fraud. *Id.* at 9. However, this is a formulaic recitation of an element of fraud, and without further factual enhancement relating to how Defendants' reliance caused the damages suffered, the claim is not plausible on its face. *Iqbal*, 556 U.S. at 678.

Under Guam law, dismissal for a failure to state a claim is only proper if "it is clear [on de novo review] that the complaint could not be saved by any amendment." *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 9 (*quoting Simpson v. AOL Time Warner, Inc.*, 452 F.3d 1040, 1046 (9th Cir. 2006)). Leave to amend pleadings shall be liberally granted when justice so requires. Guam R. Civ. P. 15 (a) (2010). However, the existence of the following factors may mitigate against the granting of leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Arashi & Co., Inc. v. Nakashima Enterprises, Inc.*, 2005 Guam 21 ¶ 16 (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Court finds that the above factors articulated in *Arashi* are absent in this case, and that Defendants' second counterclaim can be saved by amendments with sufficient factual allegations as to each element of fraud. *Taitano*, 2008 Guam 12 ¶ 9. Thus, the Court grants Defendants leave to amend the second counterclaim.

///

///

///

## CONCLUSION

Based upon the foregoing, Plaintiffs' motion to dismiss the second counterclaim of fraud is hereby DENIED at this time. Defendants are granted leave to amend the second counterclaim and shall submit an amended pleading within fifteen (15) days. Furthermore, based on stipulation between the parties, the Court hereby orders the January 12, 1992 Stockholder agreement and the March 12, 1992 be declared invalid and void.

This matter is set for further proceedings on May 7, 2014 at 9:00 a.m.

SO ORDERED this ___6TH___ day of May, 2014.


_____
HON. JAMES L. CANTO II
Judge, Superior Court of Guam